UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-513-H

GARY CLUNIE, et al.                                                                                               PLAINTIFFS

V.

BETTER INTEGRATED SYSTEMS, INC., et al.                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a case in which Defendants, Better Integrated Systems, Inc. ("BIS") and Marina Resources, Inc. ("Marina Resources"), now move either to dismiss for lack of proper venue or, in the alternative, to transfer to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). Plaintiffs allege that they are beneficiaries under a group health plan governed by the Employee Retirement Income Security Act ("ERISA").

I.

The relevant facts are mostly undisputed. Plaintiffs are Indiana residents. BIS and Marina Resources are both Nevada corporations with their principal places of business located in Michigan. The parties dispute whether BIS has a presence in Kentucky or does business there. Plaintiff, Gary Clunie was formerly employed by BIS. Marina Resources sponsors the BIS group health care plan called the "Copper Plan," which is administered in Michigan. Gary Clunie began his employment at BIS in April, 2007. He was leased to Four Star Transportation Company ("Four Star") to drive trucks as an independent contractor. As part of his employment, Gary Clunie enrolled himself, his wife and their daughter in the Copper Plan.

On January 18, 2008, Gary Clunie became the sole proprietor of Magnum Trucking, a trucking company. The Complaint alleges that Gary Clunie's employment with BIS ended at that time, and that, as a result, his health care coverage provided by the Copper Plan ended as well. In February, 2008, Gary Clunie suffered a heart attack which required extensive treatment. The medical bills amounted to over $58,000. Gary Clunie submitted these bills to Marina Resources, which denied coverage.

On September 3, 2008, Plaintiffs file a lawsuit in Jefferson Circuit Court stating all of the facts above as well as others. They allege that when Gary Clunie switched employment, Marina Resources failed to provide him with the required notices under the Consolidate Omnibus Budget Reconciliation Act ("COBRA") which would have alerted him to the need to elect continuation of coverage. Later after receiving COBRA notice, Marina Resources denied Clunie's claims on the grounds that his heart attack was a work-related injury which the health insurance plan did not cover. Gary Clunie unsuccessfully appealed both these denials.

Plaintiffs' complaint alleges both ERISA and state law claims. Subsequently, Defendants removed to federal court on the basis of ERISA's original jurisdiction under 28 U.S.C. § 1331 and the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a).

II.

Defendants now argue that this Court should dismiss this action because venue does not lie in the Western District of Kentucky under 29 U.S.C. § 1132(e)(2). That section provides that suits involving ERISA governed plans "may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found." *Id.* Defendants say that venue of this action is improper in Kentucky because, (1) the Copper Plan is

2

not administered in Kentucky, (2) the acts which form the basis of Plaintiff's complaint did not occur in Kentucky and (3) no Defendant resides or may be found in Kentucky. As evidence of the latter, Defendants submit an affidavit saying that neither BIS nor Marina conduct any business in Kentucky nor do they have any offices located in Kentucky. Plaintiffs respond that Defendants improperly rely on the ERISA statute venue provision in 29 U.S.C. § 1132, because that statute is limited to cases which are originally brought in a district court of the United States. The appropriate governing venue statute, Plaintiffs argue, is 28 U.S.C. § 1441.

On the strict question of proper venue the Court sides with Plaintiffs. The Sixth Circuit has held in a 2-1 decision that 28 U.S.C. § 1441(a) creates the appropriate venue when a case is properly removed to federal court. *Kerobo v. Southwestern Clean Fuels Corp.*, 235 F.3d 531, 535 (6th Cir. 2002). True, *Kerobo* did not involve an ERISA case. That difference, however, would not seem to detract from *Kerobo*'s broader holding. *Kerobo* standards for the general proposition that, on removal, venue in the proper federal district court is determined under § 1441(a). Any other conclusion would make it essentially impossible to properly remove an ERISA case to federal court in some circumstances. *Id.* Therefore, upon removal from Jefferson Circuit Court, venue is proper in the Western District of Kentucky.

### III.

In the alternative, Defendants have quite properly moved to transfer pursuant to 28 U.S.C. § 1404(a). That statute provides that a district court may transfer venue to another district "for the convenience of the parties and witnesses, in the interest of justice." *Id.*

Plaintiffs are residents of Indiana. In his affidavit, Gary Clunie says that when he worked for BIS, he worked exclusively at the Louisville, Kentucky terminal. There will be few

witnesses and those residing in Michigan will have their depositions taken there. Much of the case will be determined by documents, which can be easily transported to this district. The operative facts are located in both Kentucky and Michigan, perhaps more so in the latter.

ERISA envisions a liberal view of promoting the convenience of plaintiffs to find an available federal forum. The Court does not find the Kentucky forum overly inconvenient to BIS. On the other hand, requiring Plaintiffs to litigate in Michigan could cause real hardships. For all those reasons, the Court concludes that transfer under § 1404(a) is not warranted.

In view of neither BIS nor Marina Resources having challenged personal jurisdiction in Kentucky, the Court finds no valid reason to bar further proceedings in this jurisdiction. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of BIS and Marina Resources to dismiss for lack of proper venue is DENIED.

IT IS FURTHER ORDERED that the motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

cc:     Counsel of Record